Singer, J.
This matter is before the court on defendant-appellants’ request pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(c) (6) to issue a report.
The court entered judgment on March 25,1991. The defendants requested a report on April 8,1991. The court dismissed the report because it was not timely filed. Defendants contend that the filing was timely, arguing that Massachusetts Rules of Civil Procedure 6 (d) provides for three (3) additional days when the filing is done by mail. Rule 6(d) states:
Whenever a party has a right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other papers upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period, (emphasis added).
Rule 6(d) is a rule of general construction, which yields to the specific applicable rule, Rule 64 (c) (1) (i). Rule 64 (c) (1) (i) states:
*38 ... requests for reports shall be filed with the clerk of the trial court within 10 days after entry of judgment. Upon a showing of excusable neglect, the trial court may extend the time for filing a request for report by any party for a period not to exceed 10 days from the expiration of the time otherwise prescribed by this rule, (emphasis added).
Rule 6 (d) relates to any period which under the rules is commenced by service of a notice or paper, not a period commenced by entry.
Defendants did not file a request for a draft report within 10 days, nor did they avail themselves of the opportunity to request an extension of time for filing a report. Rule 77 states:
... Lack of notice of the entry by the clerk does not effect the time to request a report or file a draft report, or authorize the court to relieve a party for failure to request a report or file a draft report within the time allowed, except as permitted in Rule 64(c) of these rules.
Rule 77makes clear the strictness of the 10 day periodforfilingarequestforareport and that Rule 64 (c) controls, not any other rule of general construction. The Supreme Judicial Court has affirmed the validity of this interpretation of the rule. Locke v. Slater, 387 Mass. 682, 685-6, 442 N.E. 2d 732, 734 (1982).